UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KATHY LEONARD, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 2:24-cv-00072-JRG-CRW |
| v. | ) ) |
| LIONS VOLUNTEER BLIND INDUSTRIES, INC., | ) ) ) |
| Defendant. | ) ) |

## AMENDED RULE 26(F) DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held by telephone between counsel for the Plaintiff, Philip Baker, and counsel for the Defendant, Eric Ebbert, during which meeting the subject matter and deadlines addressed by Rule 26(f) of the Federal Rules of Civil Procedure were discussed, and the following plan was agreed to by counsel for the parties:

1. The parties will exchange initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before **July 19, 2024**. The timing, form, and requirement for the other disclosures required by Rule 26(a) will be governed by the Court's Scheduling Order and/or Rule 26(a).

2. Discovery will be needed on all issues presented by this case, namely the Plaintiff's theories of liability and damages and on the Defendant's defenses. Discovery shall not be conducted in phases and is not limited to or focused on any particular issue(s). Discovery shall be completed in accordance with the Court's Scheduling Order and/or Rule 26.

3. The disclosure or discovery of electronically stored information is not anticipated to create legal issues which need to be addressed by the court in this case. To the extent that disclosure or discovery of such information becomes an issue, the parties will meet to confer over the proper handling of the same and will supplement this Discovery Plan accordingly. In addition, the parties have agreed as follows:

Regarding, any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which the same should be produced, the parties have discussed preservation of electronically stored information and agree that each have taken reasonable and proportionate measures to preserve the same. Discovery on ESI will be reasonable and proportionate to the needs of the case. The parties agree that the production of documents and information in .PDF or similar format is sufficient unless specific objection is raised. In such event, the parties agree to work in good faith to narrow/limit the scope of production in native form given the amount in controversy and respective resources of the parties. Only if such efforts are unsuccessful will the parties seek the Court's involvement to resolve the dispute.

4. The parties agree that claims of privilege or of protection as trial-preparation material, including procedures to assert these claims after production, should be governed by Rule 26(b)(5).

5. The parties agree that the limitations imposed on discovery by the Federal Rules of Civil Procedure, the Court's Scheduling Order, and/or by local rule shall govern this case, unless altered by Court Order.

6. **SYNOPSIS OF CASE**

**PLAINTIFF:** Plaintiff files suit for unlawful discrimination based upon her disability, and for unlawful retaliation under the Tennessee Disability Act, Tenn. Code Ann. 8-50-103, et

seq.; the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.; the ADA Amendments of 2008; the common law of the State of Tennessee and other relevant statutes.

Plaintiff alleges as follows:

(1) That she had a ruptured disc, which required her to undergo multiple surgeries and due to which she qualified as a disabled person under the Acts cited above.

(2) That during her employment she used a chair with wheels, which was a reasonable accommodation for her disability.

(3) That the defendant took away the chair with wheels and required her to use one without wheels.

(4) That she was unable to use the chair without wheels because it re-aggravated her medical condition.

(5) That this was a reasonable accommodation that would have allowed her to continue with her job but was denied by the defendant.

(6) That other employees were allowed to use chairs with wheels.

Plaintiff sues for compensation for past, present, and future, wages and benefits, front pay, back pay, incidental, damages, liquidated damages, attorneys' fees, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain, and suffering, and other nonpecuniary damages. She also sues for punitive damages.

**DEFENDANT:** Defendant asserts that Plaintiff was terminated for a legitimate, nondiscriminatory reason, and that Defendant's employment decisions were completely unrelated to any protected characteristic of Plaintiff and/or the exercise of any protected right by Plaintiff. Defendant asserts additional defenses, including but not limited to, that Plaintiff's claims are barred because Plaintiff was not disabled within the meaning of any state or federal law; that

Plaintiff failed to seek a reasonable accommodation under applicable law; that the alleged accommodation would not have enabled Plaintiff to perform the essential functions of her job; Defendant reasonably believed that the alleged accommodation posed a direct threat to the health and safety of its employees; that the alleged accommodation violated a recently implemented practice on the plant floor; that the alleged accommodation created an undue hardship; that Plaintiff's alleged disability was not the reason for the adverse action; and that none of Defendant's relevant actions were taken with malice or reckless indifference as demonstrated by Defendant's charitable purpose which is to employ people who have disabilities.

7. **GOOD FAITH CERTIFICATION READY FOR TRIAL**

    Parties will be ready for trial in October 2025.

8. **ESTIMATED LENGTH OF TRIAL**

    Parties estimate the length of the trial will be three (3) days.

Respectfully submitted this 9th day of August 2024.

APPROVED FOR ENTRY:

_(signature)_

PHILIP R. BAKER (BPR No. 022007)
801 F Sunset Drive, Suite 2
Johnson City, TN 37604
Telephone: (423) 929-3000
Facsimile: (423) 929-8562
Email: pbaker@fbslawfirm.com
*Attorney for Plaintiff*

E. PATRICK HULL (BPR No. 004437)
229 E. New Street
P.O. Box 1388
Kingsport, TN 37662
Telephone: (423) 247-6151
Facsimile: (423) 247-6152
Email: pat@hull-firm.com
*Attorney for Plaintiff*

_(signature)_ w permsn PRB

L. ERIC EBBERT (BPR No. 017958)
9145 Cross Park Drive, Suite 10
Knoxville, TN 37923
Telephone: (865) 229-8509
Email: eric@ebbertlaw.com
*Attorney for Defendant*

Page 5 of 5
Case 2:24-cv-00072-JRG-CRW    Document 17    Filed 08/09/24    Page 5 of 5    PageID #: 56